

# United States District Court

for the

## DISTRICT OF GUAM

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: MELVAN D. EVANS      Case Number: CR 97-00170ARM-01

Name of Sentencing Judicial Officer: The Honorable Alex R. Munson
U.S. District Judge

Date of Original Sentence: 3/2/99

Original Offense: <u>Count II</u>: Importation of Crystal Methamphetamine aka "Ice," in violation of 21 U.S.C. §§ 952(a) and 960, a Class A felony

Original Sentence: One hundred twenty-one (121) months imprisonment followed by forty-eight (48) months of supervised release with the following special conditions:

- Defendant shall perform 200 hours of community service.

- Defendant shall participate in a drug treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse.

- Defendant shall obtain and maintain gainful employment.

Type of Supervision: Supervised Release    Date Supervision Commenced: 10/17/2006

---

## PETITIONING THE COURT

[✓] To modify the conditions of supervision as follows:

- *That the defendant abstains from alcohol use during the term of his supervised release.*

- *That the defendant submits to a Breathalyzer test and/or non-instrumented alcohol testing device for the presence of alcohol if suspected by the Probation Officer.*

## CAUSE

On 11/13/2006, the offender's sister left a telephone message indicating that she was on her way to pick the offender up from the Kapolei police station. In this regard, the offender's sister noted that the offender was arrested for driving under the influence of alcohol (DUI).

On 11/17/2006, this officer spoke with the offender concerning his 11/13/2006 arrest for DUI. The offender provided the following information:

1. On 11/12/2006, he went to visit a friend's family in Waianae. While visiting, he drank less than five cans of beer.

2. While driving out of Waianae in the early morning of 11/13/2006, he was pulled over by a Honolulu Police Department (HPD) officer.

3. The HPD officer had him exit his vehicle to submit to a field sobriety test (FST) which he failed. He was subsequently arrested and taken into custody to HPD's Kapolei station.

4. While at the Kapolei station, he submitted to a blood alcohol content (BAC) test which resulted in a .160 BAC level. The legal limit is .08 BAC.

5. Later that morning, his sister posted $1,000 to bail him out of custody.

The offender subsequently apologized to this officer and reported that he will appear in state district court on 12/15/2006. This officer informed the offender that the Court would be notified of his arrest. This officer further informed the offender that sanctions would apply, including a modification of his supervision terms. This officer also noted that the offender has previous convictions for the same in 1981, 1984, 1985, 1986, 1987, and 1991. The offender acknowledged that he had a problem with alcohol. When questioned as to whether he would benefit from continued drug treatment, the offender noted that he wanted to continue participating in group counseling at Freedom Recovery Services (FRS).

On 11/24/2006, this officer contacted the offender's drug counselor at FRS. The counselor indicated that in light of his DUI arrest, the offender voluntarily registered for a 14-hour drug/alcohol program at his own expense. The counselor further reported that the 14-hour program is in addition to his regular substance abuse counseling. The counselor also indicated the offender has been honest with his group counseling and disclosed his relapse to his group members for treatment purposes. Subsequently, the counselor recommended that the offender be allowed to continue with substance abuse treatment and testing. The counselor was also in agreement with this officer's initial recommendation to impose a special condition which prohibits the offender from consuming any alcohol during his term of supervision.

On 11/24/2006, this officer reviewed the HPD records concerning the offender's arrest. The records revealed the following:

1. On 11/13/2006, at approximately 12:04 a.m., a patrolling HPD officer observed the offender's vehicle speeding 60 miles per hour (mph) in a 20 mph zone and changing traffic lanes without signaling. Subsequently, the HPD officer pulled the offender's vehicle to the side of the road.

2. The HPD officer proceeded to the offender's vehicle and asked him to produce his driver's license and vehicle documents. Records indicate the HPD officer smelled alcohol emanating from the offender's breath. Additionally, the offender "looked dazed" and had red, watery, bloodshot eyes.

3. The records further indicate the HPD officer had the offender exit his vehicle to submit to an FST. The offender subsequently failed the FST and was arrested for Operation of a Motor Vehicle Under the Influence of Intoxicants (OMVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-0061, a misdemeanor. He was also cited for Speeding, in violation of HRS § 291C-102, and Disobeying Traffic Lane Markings, in violation of HRS § 291C-38.

4. The offender was then transferred to HPD's Kapolei substation for booking purposes. While at the substation, the offender submitted to an intoxilyzer which resulted in a .167 BAC, more than twice the legal limit for operating a vehicle.

5. The offender was subsequently bailed out by his sister at approximately 1:22 a.m.

In light of the offender's 1/13/2006 arrest and admission of alcohol use, we respectfully recommend that the Court modify the special conditions to include the above-listed special conditions to address the offender's violations.

Attached is a signed Waiver of Hearing to Modify Conditions of Probation/Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervision.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 12/5/2006

---

THE COURT ORDERS:

[ ✓ ] The Modification of Conditions as Noted Above
[ ] Other

U.S. District Judge

12/18/06
Date



DEC 15 2006

**DISTRICT COURT OF GUAM**
**HAGATNA, GUAM**

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for  years, for a total term of  years.
[X] To modify the conditions of supervision as follows:

- *That the defendant abstains from alcohol use during the term of his supervised release.*

- *That the defendant submits to a Breathalyzer test and/or non-instrumented alcohol testing device for the presence of alcohol if suspected by the Probation Officer.*

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
MELVAN EVANS
Supervise Releasee

11/25/06
Date