# United States District Court

for the

## DISTRICT OF GUAM

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  MELVAN D. EVANS         Case Number:  CR 97-00170ARM-01

Name of Sentencing Judicial Officer:  The Honorable Alex R. Munson
U.S. District Judge

Date of Original Sentence:  3/2/99

Original Offense:  <u>Count II</u>: Importation of Crystal Methamphetamine, aka "Ice," in violation of 21 U.S.C. §§ 952(a) and 960, a Class A felony

Original Sentence:  One hundred twenty-one (121) months imprisonment followed by forty-eight (48) months of supervised release with the following special conditions:

- Defendant shall perform 200 hours of community service.

- Defendant shall participate in a drug treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse.

- Defendant shall obtain and maintain gainful employment.

Modification of Supervised Release:  On 12/18/2006, the Court modified the offender's supervised release with the following special conditions:

- That the defendant abstains from alcohol use during the term of his supervised release.

- That the defendant submits to a Breathalyzer test and/or non-instrumented alcohol testing device for the presence of alcohol if suspected by the Probation Officer.

Type of Supervision: Supervised Release    Date Supervision Commenced: 10/17/2006

## PETITIONING THE COURT

[✓]  To modify the conditions of supervision as follows:

- *General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

- *The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

As the Court may recall, on 12/5/2006, a Request for Modifying the Conditions of Supervision (Probation Form 12B) requested the Court to impose alcohol-related special conditions after the offender admitted that he consumed alcohol and was arrested by the Honolulu Police Department on 11/13/2006. On 12/18/2006, the Court modified the offender's special conditions as requested by the Probation Office, District of Hawaii.

Since then, the offender has incurred the following additional violations:

**Violation No. 1: Refusal to Submit to Drug Treatment Urine Testing on 3/2/2007, 3/7/2007, 3/13/2007, and 3/26/2007:**

On 3/5/2007, Freedom Recovery Services, Inc. (FRSI), informed this officer that the offender failed to appear at FRSI on 3/2/2007 for a drug treatment urine test. On 3/5/2007, the offender reported to the Probation Office and provided a urine specimen which tested negative for illicit drugs. Said test result was negative for illicit drugs. Subsequently, this officer questioned the offender regarding his "no-show" for drug testing on 3/2/2007. The offender reported that because he "gave one last week," he did not believe he had a urine test the following week. This officer advised the offender that he was in violation of his supervision for failing to report to FRSI for a drug treatment urine test as instructed. This officer warned the offender against additional

violations and instructed the offender to contact FRSI daily to determine whether he needed to return the following date for a urine collection. The offender agreed and apologized for his violation.

On 3/13/2007, FRSI informed this officer that the offender failed to appear at FRSI on 3/7/2007 for a drug treatment urine test.

Further, on 3/14/2007, FRSI informed this officer that the offender failed to appear at FRSI on 3/13/2007 for a drug treatment urine test.

The offender was not questioned as to the 3/7/2007 and 3/13/2007 violations.

However, on 3/27/2007, FRSI informed this officer that the offender failed to appear at FRSI on 3/26/2007 for a drug treatment urine test.

On 4/3/2007, this officer telephonically instructed the offender to report to the Probation Office on 4/4/2007. The offender acknowledged this officer's instructions and related he had "missed three or four drug tests" because he failed to call FRSI daily to determine whether he had a drug test the following day.

### Violation No. 2 - Admission of Methamphetamine Use on 4/2/2007:

On 4/4/2007, the offender reported to the Probation Office as instructed. When questioned regarding his failure to report for drug testing, the offender related that he usually called FRSI for his drug tests but failed to call for the reported testing dates in question. Additionally, the offender related that he "took a hit" of "batu," or crystal methamphetamine on 4/2/2007. In this regard, the offender related that he is under a lot of stress due to his sister's and her husband's constant arguing at their residence in which he lives. Additionally, he is under an equal amount of stress in trying to manage his money and time to do house repairs on his grandmother's residence in Aiea.

Subsequently, this officer collected a urine specimen from the offender with a non-instrumented drug testing device (NIDTD). The result was negative for illicit drugs. Thereafter, this officer advised the offender that he was in violation of his supervision for using methamphetamine on 4/2/2007 and for refusing to submit to drug testing at FRSI on 3/2/2007, 3/7/2007, 3/13/2007, and 3/26/2007. The offender apologized for his actions and related that despite the "stress" he has been feeling, he knew the use of methamphetamine would not resolve his problems. He further related that he needed to be consistent in contacting FRSI for drug testing. In this regard, he indicated it would be helpful to leave a note to himself at home which reminds him to call FRSI.

This officer advised the offender that the Court would be notified of the violations. This officer further advised that as a risk control factor and as a sanction, this officer would recommend the Court impose additional special conditions to address his noncompliance. In this regard, the modification to allow this officer to drug test the offender up to eight times per month pursuant to the Violent Crimes Control Act (General Condition) would allow this officer the opportunity to drug test the offender if

he missed a drug treatment drug test and/or if this officer suspected the offender was using illicit drugs. Additionally, the search condition would allow the Probation Office the opportunity to search/recover contraband upon reasonable suspicion, including drugs and/or drug paraphernalia.

Given the offender's responses to this officer's questioning, it appears the offender is amenable to supervision and committed to addressing his drug dependency. Moreover, given that he is employed full-time and has had this particular employment since the start of supervision, the offender is not reliant on government subsidies or welfare.

It is recommended that the Court modify the conditions of supervision and take no action on the violations at this time. Although the violations are serious, the offender appears amenable to rehabilitation and sincere in his desire to participate in substance abuse treatment and testing. Additionally, continued treatment and testing will allow the offender to maintain his employment.

The offender understands that continued drug use and/or missed treatment or testing sessions will not be tolerated.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. On 4/5/2007, the U.S. Attorney's Office and the offender's counsel were notified of the proposed modifications but have not responded.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 4/10/2007

THE COURT ORDERS:

[ ✓ ]  The Modification of Conditions as Noted Above
[ ]    Other

*FRANCES M. TYDINGCO-GATEWOOD*
U.S. District Judge

4/13/07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[X] To modify the conditions of supervision as follows:

- *General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

- *The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
MELVAN EVANS
Supervise Releasee

4/4/07
Date